## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 22-12162-pmm |
| Brandon W. Weiss, | Chapter 13 |
|     Debtor. | |
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, | Hearing Date: June 18, 2025<br>Hearing Time: 1:00PM<br>Location: 900 Market Street, Suite 204<br>Philadelphia, PA 19107 |
|     Movant, | |
|       v. | |
| Brandon W. Weiss, | |
|     Debtor/Respondent, | |
| KENNETH E. WEST, | |
|     Trustee/Additional Respondent. | |

## MOTION OF US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST FOR RELIEF FROM THE AUTOMATIC STAY TO FORECLOSE ON 630 HAVERFORD ROAD, HAVERFORD, PENNSYLVANIA 19041

US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Brandon W. Weiss ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the ("Code") on August 17, 2022.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On March 12, 2013, Brandon W. Weiss executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $164,736.00 in favor of Residential Finance Corporation, A Corporation.  A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded April 16, 2013 at Instrument Number 2013024032 of the Public Records of Delaware County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 630 Haverford Road, Haverford, Pennsylvania 19041, (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on December 20, 2017, creating a new principal balance of $185,588.20.   A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee for VRMTG Asset Trust and same recorded with the Delaware County Recorder of Deeds on June 20, 2024, at Instrument Number 2024020324.  A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "D".

8. NewRez LLC d/b/a Shellpoint Mortgage Servicing services the underlying mortgage loan and Note for the real property referenced in this motion for Movant.  In the event the automatic stay in this case is modified, this case is dismissed, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant.  Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank.  Movant is the beneficiary or the assignee of the Deed of Trust.

9. Based upon the Debtor Chapter 13 First Amended Plan ("Plan") (at Docket No. 15), the Debtor intends to cure pre-petition payment arrears due Movant through the Chapter 13 Plan and remains responsible for remitting all post-petition payments directly to Movant. A true and correct copy of the First Amended Plan is attached hereto as Exhibit "E".

10. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $1,651.51 which came due from September 1, 2024 through January 1, 2025 and in the amount of $1,585.11which came due from February 1, 2025 through April 1, 2025 respectively.

11. Thus, Debtor(s)' post-petition arrears total $13,012.88 through April 24, 2025, 2025, less suspense of ($774.28) for a total post-petition arrearage of $12,238.60.  *see* Exhibit "F".

12. Currently, the unpaid principal balance due under the loan documents is $153,249.21.

    Movant's total claim amount, itemized below, is $222,420.69.  *see* Exhibit "G".

| Principal Balance | $153,249.21 |
|---|---|
| Interest  to 4/24/25 | $10,407.35 |
| Fees | $16,038.45 |
| Funds Owed By Borrower | $26,180.94 |
| Funds Owed To Borrower | ($5,363.46) |
| Deferred Principal | $21,908.20 |

| Total to Payoff | $222,420.69 |
|---|---|

13. Debtor docketed schedules list the value of the Property as $355,230.00. A true and accurate copy of Debtor Schedule A/B is attached hereto as Exhibit "H".

14. Under Section 362(d)(1) of the United States Bankruptcy Code (" Code"), the Court shall grant relief from the automatic stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

15. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

16. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

17. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

BALANCE OF THIS PAGE LEFT BLANK

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee for VRMTG Asset Trust to take any and all steps necessary to exercise any and all rights it may have in the collateral Property described herein, gain possession of said collateral Property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: May 20, 2025

**Robertson, Anschutz, Schneid, Crane
& Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
Email: mimcgowan@raslg.com

22-12162-pmm
23-139983
MFR